UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| ROBERT P. WANKEL #4134, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00032 |
| | ) | Chief Judge Sharp |
| FENTRESS COUNTY JUSTICE | ) | |
| CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

Plaintiff Robert P. Wankel, an inmate at the Fentress County Justice Center in Jamestown, Tennessee, brings this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against the Fentress County Justice Center and "Tennessee State Troopers." (Docket No. 1).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court

1

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Plaintiff Wankel seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens*

2

*Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.     Alleged Facts**

The complaint alleges that, while incarcerated at the Fentress County Justice Center, the plaintiff has not been permitted to make a telephone call for nine months. The complaint alleges that the plaintiff's outgoing mail is opened. The complaint further alleges that, by witnessing "corporal punishment" at the jail, his post-traumatic stress disorder is "affect[ed]." According to the complaint, the plaintiff is being denied mental health treatment as well as medical treatment for a concussion, hypertension, stage 3 kidney failure, congestive heart failure, and scabies. The complaint also contends that the plaintiff's lawyer is not performing according to the plaintiff's standards. (Docket No. 1 at p. 5).

**V.     Analysis**

The plaintiff names only two defendants in this action: the Fentress County Justice Center and "Tennessee State Troopers."

**A.     Claims against the Fentress County Justice Center**

As to the plaintiff's claims against the Fentress County Justice Center, a jail or justice center is a building where prisoners are held and therefore is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Fentress County

Justice Center.

To the extent the claims against the Fentress County Justice Center might be liberally construed as claims against Fentress County, Tennessee, in order to sue a local government under § 1983, the plaintiff must allege that "it is [the] execution of [the] government's policy or custom . . . [that] inflicts the injury . . . ." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). In short, for Fentress County to be liable to the plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, the plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of Fentress County. Consequently, whether construed as a claim against the Fentress County Justice Center or against Fentress County, Tennessee, the complaint fails to state claims upon which relief can be granted under § 1983. Those claims, therefore, will be dismissed.

**B.      Claims against "Tennessee State Troopers"**

The complaint specifically names "Tennessee State Troopers" as the only other defendant to this action. (Docket No. 1 at p. 2). In the "Relief Requested" section of his complaint, the plaintiff states that he wishes to recover $250,000 from "Tennessee Highway Patrol." (*Id*. at p. 6). However, within the "Statement of Facts" section, the complaint does not contend that any named or unnamed Tennessee state trooper or highway patrol officer played any role whatsoever in the alleged unconstitutional conduct about which the plaintiff complains. (*Id*. at p. 5). In fact, neither the Tennessee State Troopers nor the Tennessee Highway Patrol is even mentioned in the body of the complaint.

A plaintiff "must allege how each defendant was personally involved in the acts about which

4

the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Because the plaintiff's allegations omit how the Tennessee State Troopers were personally involved in the acts about which the plaintiff complains, the Court will dismiss the plaintiff's § 1983 claims against defendant "Tennessee State Troopers" for failure to state claims upon which relief can be granted.

        **C.**     **Denial of mental health treatment and medical treatment claims**

The Court notes that the complaint alleges that, while incarcerated at the Fentress County Justice Center, the plaintiff is not receiving mental health treatment or medical treatment for a number of conditions. (Docket No. 1 at p. 5). The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

At this time, however, the plaintiff has not alleged that he has suffered in any way as a result of the alleged denial of mental health treatment or medical treatment. Neither does the complaint identify the person or persons allegedly responsible for the denial of these services to the plaintiff. If, in fact, the plaintiff has been harmed or is being harmed as a result of the denial of mental health treatment or medical treatment, the plaintiff shall be given leave to file a proposed amended complaint to allege such harm. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013)(a district court can allow a plaintiff to amend his complaint even when the original complaint is subject to

dismissal under the Prison Litigation Reform Act's screening requirements for prisoner and *in forma pauperis* suits). Any such proposed amended complaint must identify the specific harm alleged and the person or persons responsible for the denial of treatment. Furthermore, any such filing must include this case number (2:15-cv-00032). Otherwise, the plaintiff may be subject to the payment of an additional filing fee.

**VII.    Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to all named defendants. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate order will follow.

_____
Kevin H. Sharp
Chief United States District Judge